**Frank ALEXANDER et al.**

v.

**Frank RIZZO et al.**

**Civ. A. No. 70–992.**

United States District Court, E. D. Pennsylvania.

June 15, 1970.

Peter W. Brown, Philadelphia, Pa., for plaintiffs.

John M. McNally, Jr., Deputy City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Before the Court in the above-captioned case is defendants' motion for a protective order and a motion to relieve the defendants from answering certain interrogatories and from answering certain requests for admissions.[1] The Court has heard argument on these motions in chambers and each side has submitted memoranda in support of their positions.

The defendants raise three main arguments in support of their motions: (1) that the discovery which plaintiffs seek is not proper under either the Pennsylvania or Federal Rules of Criminal Procedure, (2) that the relevant case law prevents such discovery and (3) that such discovery would be burdensome and oppressive.

Defendants' first two arguments are somewhat intertwined. In their brief defendants quote Rule 16 of the Federal Rules of Criminal Procedure and part of Rule 310 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix. The Court finds that these rules, and the limitation on discovery which they stand for, are not applicable to the present case. Rule 16, Discovery and Inspection, states in part: "Upon motion of a *defendant* * * *

the court may order the attorney for the government to permit the *defendant* to inspect and copy or photograph designated books * * * upon a showing that the items sought may be material to the preparation of *his* defense. * * *" (Emphasis added.) The rule is designed to prescribe the conditions under which a criminal defendant may obtain information from the prosecuting authority with respect to the preparation of his own criminal defense. The fact that the instant litigation is intimately related to matters and procedures of the Philadelphia Police Department does not of itself dictate that criminal rules of procedure should govern the case. In the instant case plaintiffs, invoking the Court's jurisdiction under 28 U.S.C.A. § 1343, the Civil Rights Act, 42 U.S.C.A. § 1983 et seq. and 28 U.S.C.A. § 2201, seek "to have declared unconstitutional, and to preliminarily and permanently enjoin, the deprivation under color of state law of rights, privileges, and immunities secured to plaintiffs by the United States Constitution." Complaint p. 3. It is clear that this case is civil in nature and therefore the scope of discovery is controlled by the Federal Rules of Civil Procedure.

The Court is aware that in certain circumstances a court should not isolate the discovery motion in a civil suit from outstanding criminal matters. With this in mind, defendants have cited to the Court several decisions which stand for the general proposition that a defendant in a criminal case should not be permitted to utilize the more liberal rules of civil procedure to avoid their rather limited counterparts in the criminal area. *E. g.* Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); United States v. One 1964 Cadillac Coupe De-Ville, 41 F.R.D. 352 (S.D.N.Y.1966). This Court is in complete accord with this proposition. However, we find that

---

1. This matter is presently being resolved between the parties and therefore is not a part of this decision.

the general rule, and the cases cited by the defendants are inapposite. The cases relied on by defendants involve situations where the criminal defendant was the party seeking information through the civil discovery procedure. For example, in the *Eastland* case cited above, the court was faced with an involved proceeding where the defendant in a criminal tax fraud case was, at the same time, suing the Government for a tax refund. The district court denied the Government's motion to stay the civil proceeding until the criminal trial was completed and ruled that the civil action was entirely independent and permitted the civil plaintiff-criminal defendant to inspect the records of the Internal Revenue's agents which were in the United States Attorney's criminal file. The court of appeals reversed, stating that "a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions of criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in *his* criminal suit." Campbell v. Eastland, *supra*, 307 F.2d at 487 (emphasis added). However, in the instant case the plaintiffs are not criminal defendants in a related criminal proceeding and therefore clearly are not attempting to use the more liberal rules of civil discovery to gather information which they would not otherwise be entitled to have. Therefore, for the above-stated reasons the Court finds the defendants' first two arguments to be without merit.

■■ The third argument presented in support of defendants' motions is that the requested discovery would be both burdensome and oppressive. These are proper grounds for objection. In support of this position defendants assert that the time needed to complete the discovery, based on the time used in answering the complaint, would "require hundreds of employees of the Police Department many years of man hours to unearth the answers to the interrogatories and other discovery procedures pursued by counsel." Defendants Brief in Support of Motion for Protective Order, p. 4. Plaintiffs have deposed Staff Inspector Charles Conroy, who supervised the activities of the Police Department in preparing their answer to the complaint. (Deposition of May 26, 1970 at p. 9.) The Court need not determine the exact number of hours it took defendants to prepare the answer, nor the efficiency of the procedure utilized by them in gathering the information. It is sufficient to state that in the Court's opinion, taking into consideration the obvious necessity of this information sought to be discovered, we find that discovery should proceed at this time. Therefore the Court will deny defendants' motion for a protective order and their request for an order relieving them from answering the interrogatories. The Court wishes to note further that this denial is without prejudice to the defendants' right to move, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, for a protective order which would protect a confidential source, or prohibit the plaintiffs from disseminating information obtained pursuant to their discovery.