**Thomas J. KIBLEN, Plaintiff,**

v.

**RETAIL CREDIT COMPANY, now Equifax, Inc., Defendant.**

**No. C–74–119.**

United States District Court,
E. D. Washington.

Aug. 26, 1977.

Fred E. Woeppel, Spokane, Wash., for plaintiff.

E. Glenn Harmon, of Witherspoon, Kelley, Davenport & Toole, Spokane, Wash., for defendant.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

Plaintiff has filed a motion for an order limiting evidence and instructing the defendant not to directly or indirectly refer to or raise in any manner the matters alleged in defendant's Third Affirmative Defense. This defense relates to plaintiff's allegedly engaging in a fraudulent plan or scheme to overinsure himself as a practicing dentist. The issue raised by this motion therefore is whether or not defendant can properly raise the issue of this alleged fraudulent scheme on the part of plaintiff to overinsure himself.

Plaintiff's complaint seeks actual damages in excess of one million dollars plus punitive damages for alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C.A. 1681(a) *et seq.* Plaintiff alleges that when he applied for additional disabili-

ty and life insurance in 1972 and 1973 defendant prepared and circulated to insurance companies false, erroneous, and misleading investigative consumer reports concerning him. Plaintiff also alleges that as a result of the false and erroneous information circulated to insurance companies by defendant he was unable to obtain an additional $4,000 a month disability insurance as a dentist while he was insurable; that he is now (since July 24, 1973) uninsurable by reason of having suffered, for the second time, an anxiety condition of "phobic reaction to dentistry."

Defendant, by answer, has alleged that its investigative consumer reports on plaintiff were substantially true and accurate; that plaintiff's applications for an excessive amount of insurance caused most of the rejections of his applications for insurance; that he falsely reported his health history in insurance applications; and that in 1972 and 1973 he conceived and engaged in a fraudulent scheme to overinsure himself as a practicing dentist in an attempt to get a large amount of disability insurance, greatly in excess of his income from dentistry. By further affirmative defense, defendant alleges that plaintiff made plans to go into other businesses, including a mining promotion business, a fish-raising business, and a business of buying and selling guns under the name of "Doc's Gun Shop," and that an alleged second "phobic reaction to dentistry," on July 24, 1973, was the culmination of his fraudulent plan to overinsure himself as a dentist before quitting dentistry—allegedly as disabled.

The pleadings in the case raise issues as to plaintiff's financial condition, including both his net worth and his earned income, the condition of his health for many years, the number of insurance policies he applied for and the information contained in his applications for insurance, his mental, physical and nervous condition from 1971 on, the business enterprises he has engaged in and planned to engage in, and his credibility both as a witness under oath and in his dealings with others.

■ The motion is a disfavored motion, with the burden on the plaintiff. Fed.R. Civ.P. 26 requires that good cause be shown for a protective order. *United States v. Purdome*, 30 F.R.D. 338, at 341 (D.C.Mo. 1962). This puts the burden on the party seeking relief to show some plainly adequate reason for the order. *Glick v. McKesson & Robbins, Inc.*, 10 F.R.D. 477 (D.C.Mo.1950). The courts have insisted on a particular and specific demonstration of fact, as distinguished from conclusory statements, in order to establish good cause. *White v. Wirtz*, 402 F.2d 145 (10th Cir. 1968) and *Essex Wire Corp. v. Eastern Elec. Sales Co.*, 48 F.R.D. 308 (D.C.Pa.1969). As a disfavored motion, it will be denied if there is any set of circumstances under which the pleaded affirmative defense of fraud could succeed. *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366 (S.D.N.Y.1969).

■ There is sufficient evidence in the record, provided by answers by plaintiff to defendant's requests for admissions and in answers to interrogatories, to supply a factual basis supporting defendant's claimed defense of fraud by the plaintiff. Therefore, plaintiff's motion should be denied.

■ Plaintiff alleges defendant has no standing to raise the defense of fraud. Plaintiff's brief in support of the motion states that defendant cannot take advantage of plaintiff's fraud because "defendant was not a party to any transaction involving plaintiff's applications to any of the insurance companies allegedly involved in this scheme to overinsure himself . . ." (Pl. Br. p. 3).

Does defendant have standing, in an action under the Fair Credit Reporting Act, to allege and prove plaintiff's fraudulent acts and conduct in connection with his applications for insurance to some 40 insurance companies? The Act sets the statutory pattern governing the relationship between consumers applying for insurance, insurance companies, and the consumer credit reporting agencies acting as agents of the insurance companies in investigating and making consumer reports to insurance com-

panies about applicants for insurance. *See* 15 U.S.C.A. 1681 *et seq.*

The basis of plaintiff's motion is the claim that defendant cannot complain of plaintiff's fraudulent acts and conduct because his fraud only harmed the insurance companies and did not harm the defendant; that is, the defendant was a "stranger" to the insurance transactions of the plaintiff. By law, under the Fair Credit Reporting Act, a consumer reporting agency cannot be a "stranger" to insurance applications made by an applicant for insurance, when the credit reporting agency is made the insurance company's agent to investigate and report on the insurance applicant's representations in his insurance applications. The Fair Credit Reporting Act creates a statutory relationship where consumer reporting agencies, which exist to serve and report to insurance companies concerning consumer applicants, must report to the applicants the information collected concerning them that is to be turned over to the insurance company. Far from being "strangers" to this three-sided relationship created by the Fair Credit Reporting Act, the consumer reporting agencies are thrust into the center of the relationship by the Act itself. The key that sets the statutory pattern into motion is the consumer's application for insurance.

Therefore, defendant Retail Credit Company is not a "stranger" to the transactions involved and it does have standing to raise the defense of fraud. For this reason, also, plaintiff's motion should be denied.

Plaintiff's Motion in Limine is DENIED.

IT IS SO ORDERED.

DONE BY THE COURT this 26th day of August, 1977.