Tommie **PATTERSON**

v.

**FORD MOTOR COMPANY and Kysor Ind. Corporation.**

**No. SA–78–CA–447.**

United States District Court, W. D. Texas, San Antonio Division.

Feb. 5, 1980.

Tinsman & Houser, Inc., Franklin D. Houser, and Stephen F. Lazor, San Antonio, Tex., for plaintiff.

Peter N. Plumb of Guy P. Allison and Peter N. Plumb, Lewin Plunkett of Wiley, Plunkett, Gibson & Allen, San Antonio, Tex., for defendants.

### ORDER DENYING THE DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER

SUTTLE, Senior District Judge.

Ford Motor Company seeks a protective order to prevent information from documents furnished by Ford to the Plaintiff in this case from being used in any way except in connection with this lawsuit. Ford does not contend that any of the material that is the subject of discovery by the Plaintiff constitutes trade secrets or that Ford will suffer any competitive disadvantage by revealing this information. It merely expresses concern that "counsel for the Plaintiff is interested in developing and fomenting additional litigation against Ford Motor Company."

For good cause shown, this court will make any order which justice requires to protect Ford from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c), F.R.C.P. To show good cause, Ford asserts that counsel for Plaintiff are members of the Texas Trial Lawyers Association and the American Trial Lawyers Association, which collect and distribute information with regard to manufacturers. Such collaboration among plaintiffs' attorneys would come squarely within

the aims of the Federal Rules of Civil Procedure—to secure the just, speedy, and inexpensive determination of every action. Rule 1, F.R.C.P.; *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y.1970). There is nothing inherently culpable about sharing information obtained through discovery. The availability of the discovery information may reduce time and money which must be expended in similar proceedings, and may allow for effective, speedy, and efficient representation. *Sieracki v. Ford Motor Co.*, Civil Action No. 76–130 (S.D.Ill.1978). Unless it can be shown that the discovering party is exploiting the instant litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums. *John-son Foils Inc. v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.New York 1973).

Ford has failed to demonstrate good cause or compelling reasons for denying public access to the documents obtained through discovery, and the information therein. The Defendant's motion for a protective order is hereby denied.

SO ORDERED this 5th day of February, 1980.