CARL BAUER, ) CIVIL ACTION NO. 81-0019
 )
 Plaintiff, )
 )
 vs. ) MEMORANDUM DECISION
 )
ADRIAN WINKEL, High Commis- )
sioner of the Trust Territory )
of the Pacific Islands, and )
JAMES WATT, Secretary of the )
Interior, )
 )
 Defendants. )
_____ )

MEMORANDUM DECISION

On April 29, 1981 the Court heard defendant Adrian
Winkel's motion to quash plaintiff's subpoena duces tecum
and his alternative motion for a protective order against
the taking of his oral deposition. Having carefully con-
sidered the applicable law, the record, and the arguments
of counsel, the Court denies both motions. The Court will
order defendant to be orally deposed subject to a protective
order described in this decision.

FACTS

Plaintiff filed his complaint against defendants Winkel
and Watt on April 24, 1981. As to defendant Winkel, the
gravamen of the complaint is that Winkel illegally, ar-
bitrarily, and capriciously reduced the educational allowance
received by plaintiff for his daughter's education under

138

5 U.S.C. § 5921 et seq. Count I avers that Winkel exceeded his statutory authority. Count II alleges abuse of discretion. Count III is a cause under 42 U.S.C. § 1983 for the denial under color of law of 5th and 14th Admendment constitutional property rights.

On April 27, 1981, plaintiff noticed defendant Winkel's oral deposition and served upon him a deposition subpoena duces tecum.

On April 28, 1981, defendant Winkel moved to quash the subpoena. He alternatively moved for a protective order under Federal Rule of Civil Procedure 26(c)(1) against the taking of Winkel's oral deposition.

At oral argument defendant contended that he should not be orally deposed because heads of government agencies are not normally subject to oral deposition. He further asserted that an oral deposition would be oppressive, annoying, embarrassing, and without legitimate ends.

Defendant's resignation as High Commissioner is effective April 30, 1981. Plaintiff noted, and defendant conceded, that defendant intends to move to Washington, D.C. on May 1, 1981. Plaintiff therefore argued that because Count III of his complaint rests on defendant's alleged bias or prejudice against plaintiff as a member of the U.S. Civil Service, injustice will result if he is not allowed to orally depose defendant prior to the defendant's permanent departure.

 A United States District Court has very wide discretion to control pre-trial discovery. Kyle Engineering v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979); Voegeli v. Lewis, 568 F.2d 89, 96 (8th Cir. 1977). Each application for a protective order is to be considered on its own particular facts and equities. Leist v. Union Oil of California, 82 F.R.D. 203, 204 (E.D. Wisc. 1979); see Virgo Corp. v. Paiewonsky, 39 F.R.D. 9, 10 (D.V.I. 1966). Federal Rule 26(c) provides for protective orders upon a showing of good cause when justice requires it to avoid annoyance, oppression, undue burden or expense.

 Motions limiting discovery are disfavored. Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977). The party seeking protection carries a heavy burden to make a strong showing of good cause for denying the taking of a deposition. Blankenship v. Hearst, 519 F.2d 418, 429 (9th Cir. 1975). Federal Rule 26(c) requires specific and particular facts, rather than mere conclusory statements, to establish good cause. Kiblen, supra.

 With respect to high government officers such as defendant Winkel, we must also consider other factors. Presidential cabinet members[1], state chief executives[2], and heads of administrative agencies[3] are not normally

- - - - - - - - - -

[1] See People v. U.S.D.A., 427 F.2d 561, 567 (PC Cir. 1970); Wirtz v. Local 30 I.U.O.E., 34 F.R.D. 13 (S.D.N.Y. 1963).

[2] See Shirley v. Chestnut, 603 F.2d 805, 805 (10th Cir. 1979). But see Virgo Corp., supra.

[3] See Kyle, supra; U.S. Bd. of Parole v. Merhige, 487 F.2d 25, 28-29 (4th Cir. 1973), cert. den. 417 U.S. 918, 94 S.Ct. 2625, 41 L.Ed.2d 224.

subject to oral depositions. Depositions of such individuals
are proper where there is a necessity to prevent injustice or
prejudice to the party seeking discovery. U.S. v. Northside
Realty Associates, 324 F.Supp. 287, 293 (N.D. Ga. 1971).

The question presented thus becomes a two-fold inquiry:
(1) whether plaintiff has shown that the oral deposition of
defendant Winkel is necessary to prevent injustice or preju-
dice; and (2) whether Winkel has established good cause to
protect him from the oral deposition because of annoyance,
oppression, undue burden, embarrassment, or expense.

As revealed in Count III of the complaint and during
oral argument of the motions, plaintiff alleges that Winkel
reduced plaintiff's educational allowance because of bias
or prejudice against him as a U.S. Civil Service employee.
It is unlikely that other discovery tools will lead to ad-
missible evidence on this question as inexpensively, con-
veniently, and expediently as might a brief oral deposition.[4]

Further, Winkel's resignation becomes effective one
day from now on April 30, 1981. He intends to permanently
depart from this jurisdiction on May 1, 1981.

In light of these considerations, it would be unjust
to deny plaintiff the opportunity to orally depose Winkel
while Winkel is still physically present in the Northern
Mariana Islands.

- - - - - - - - - -

[4]Plaintiff stated during oral argument that at most he
requires fifteen minutes in which to depose defendant
Winkel.

This conclusion is strengthened by the fact that Winkel has not demonstrated good cause for a protective order against the taking of his deposition. Both in his memorandum and during oral argument he conclusorily stated that the deposition would be annoying, oppressive, embarrassing and without legitimate ends. However, close questioning during oral argument failed to disclose specific facts supporting those conclusory statements. Therefore, good cause under Federal Rule 26(c) does not exist to immunize Winkel from being orally deposed.

Therefore, the Court denies defendant's motions. The Court shall enter an order to that effect, and shall also order defendant to appear for oral deposition.

Federal Rule 26(c)(2) and (4) permits the Court to protect Winkel by limiting the terms, conditions, and scope of the oral deposition. Plaintiff concedes, and the Court agrees, that plaintiff's need to depose Winkel is confined to issues relevant to Count III of the complaint. Therefore, a protective order under Rule 26(c)(2) and (4) is appropriate here.

Accordingly, plaintiff's questions during the oral deposition shall be limited to matters relevant to the allegations in Count III and to representations during oral argument that Winkel's actions were illegal, arbitrary, capricious, and the result of bias or prejudice against plaintiff as a U.S. Civil Service employee. The deposition shall be taken at a time and place convenient to Winkel, and shall not exceed thirty minutes in duration.

142

An appropriate ORDER shall be entered.

DATED: Saipan, Northern Mariana Islands this twenty-ninth
 day of APRIL, 1981.

 _____
 ALFRED LAURETA
 Judge of the above-entitled Court