James P. **LEHNERT**, et al., **Plaintiffs**,

v.

The **FERRIS FACULTY ASSOCIATION —MEA–NEA**, et al., **Defendants**.

No. G78–346 CA1.

United States District Court, W.D Michigan, S.D.

Jan. 20, 1983.

Allaben, Massie, Vander Weyden & Timmer by Sam F. Massie, Jr., Grand Rapids, Mich., Law Office of John C. Kruchko by Garry M. Ewing, Vienna, Va., Nat. Right to Work Legal Defense Foundation by Raymond J. LaJeunesse, Springfield, Va., for plaintiffs.

Foster, Swift, Collins & Coey, P.C. by Michael J. Schmedlen, Lansing, Mich., Mika, Meyers, Beckett & Jones by Steven L. Dykema, Grand Rapids, Mich., for defendants.

## OPINION RE: DEFENDANTS' MOTION FOR PROTECTIVE ORDER

HILLMAN, District Judge.

In this action, brought by faculty members of Ferris State College against various affiliated labor organizations and the Board of Control of Ferris State College, plaintiffs challenge the constitutionality of an agency shop clause contained in the Collective Bargaining Agreement between defendant Ferris State Faculty Association and the Board of Control of Ferris State College. The essence of plaintiffs' complaint is that defendant labor unions have collected "agency" or "service fees" from plaintiffs in excess of the amount attributable to expenses incurred in connection with defendants' collective bargaining activities. Plaintiffs contend that defendants' use of plaintiffs' fees has violated plaintiffs' First Amendment rights.[1]

---

1. For a more full statement of the facts in the instant case, see this court's opinion dated August 11, 1982.

Currently before the court is defendant Unions' motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Specifically, defendants seek an order from this court that discovery already sought by plaintiffs, or other discovery to be sought in the future, not be had due to the burdensome nature of plaintiffs' discovery requests.

In particular, defendants have objected to plaintiffs' First Request for Production of Documents to Defendant Michigan Education Association (MEA). This request seeks the production of documents relating to MEA's business affairs. The documents sought include all expense statements, vouchers, activity reports and time records made by the MEA since 1974. Defendant Unions contend that although plaintiffs have offered to copy the requested documents during normal business hours at plaintiffs' expense, plaintiffs' request would be extremely time-consuming and expensive in light of the minimum amounts of money in controversy in the present case. Additionally, defendant Unions contend that the relevance of the documents sought by plaintiffs deals only with the issue of damages suffered by plaintiffs. Therefore, defendant Unions contend that discovery should be postponed in the instant case until the issue of liability is determined. For the reasons that follow, defendants' motion is denied.

Rule 34 of the Federal Rules of Civil Procedure provides that a party may serve on another party a request to produce and permit inspection of documents in possession of the party upon whom the request is served. The scope of discoverable documents is governed by Rule 26 which provides that discovery is permitted into "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. Rule 26(b). In the present case, defendants do not contest the relevance of the information sought by plaintiffs. Rather, defendants contend that complying with plaintiffs' request would cause defendants undue burden and expense.

■ Protective orders are generally available pursuant to Rule 26(c) upon a showing of good cause. Where justice requires, a protective order may issue to protect a party from embarrassment, oppression, or undue burden and expense. However, good cause is not established merely by showing that discovery may involve inconvenience and expense. *Isaac v. Shell Oil Co.,* 83 F.R.D. 428 (E.D.Mich.1979); *Alexander v. Rizzo,* 50 F.R.D. 374 (E.D.Pa.1970). In support of their motion, defendants contend that discovery in cases similar to the present case has taken weeks and has required the copying of over 70,000 documents. Defendants allege that there is no reason to believe that discovery burdens in the present case will be any less extensive. Thus, defendants contend, plaintiffs' requested discovery would cause defendants to sustain undue expense and, in fact, result in the disruption of MEA's daily operations.

■ Although plaintiffs' request for production would appear to place a substantial burden of compliance on defendants, such a burden is not, in itself, grounds for a protective order. Rather, the extent of a discovery burden that a party must justifiably bear is measured by the nature, importance, and complexity of the inquiry involved in a given case. *Westinghouse Electric Corp. v. City of Burlington,* 351 F.2d 762 (D.C.Cir. 1965); *United States v. IBM Corp.,* 83 F.R.D. 97 (S.D.N.Y.1979). In the present case, plaintiffs contend that defendant Unions have impermissibly used plaintiffs' service fees to support political causes over plaintiffs' objections. On the other hand, defendants have contended that the Unions use of service fees has been directly related to collective bargaining, and therefore, not violative of plaintiffs' First Amendment rights.

■ As a preliminary matter, I note that although discovery in cases similar to the instant case has imposed substantial burdens on the complying party, courts in those similar cases have refused to issue protective orders restraining discovery. *See, Beck v. Communications Workers of America,* Civ. Action No. B–76–839 (D.C.Md. Aug. 18,

1979); *Ball v. City of Detroit AFSCME Council of 25,* Civ. No. Misc. 51–79 (D.C.Super.Ct. May 19, 1980). Additionally, the issues presented in the instant case are enormously complex and involve matters of great public importance. Plaintiffs have alleged that defendants' use of service fees for purposes unrelated to collective bargaining has violated plaintiffs' First Amendment rights. In *Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977), the Supreme Court held that non-union members could be charged a service or agency fee insofar as the service fee was used for the purposes of collective bargaining. *Id.* at 236, 97 S.Ct. at 1800. However, the Court stated that a union could not constitutionally spend funds, over objection, for the advancement of ideologic causes not germane to collective bargaining. *Id.* at 236, 97 S.Ct. at 1800. By way of footnote, the Court stated that the Court could not decide what activities were unrelated to collective bargaining in the absence of specific descriptions of union activities. *Id.* n. 33 at 236, 97 S.Ct. n. 33 at 1800.

■ The resolution of the issues present in the instant case may very well turn on a determination of what activities are germane to collective bargaining. As the Supreme Court has already noted, any such determination can only be reached after union activities are specifically identified. It is entirely reasonable for plaintiffs to seek inspection of MEA financial records, for the period in issue, in order to specifically identify those union activities which may be unrelated to collective bargaining. In light of the manifest need to specifically describe and identify union activities and due to the complex nature of the instant inquiry, I find considerations of costs and inconvenience must give way to the search for factual concreteness. *See, United States v. IBM, supra* 83 F.R.D. at 109.

Defendants' contention that discovery in the present case should be suspended until the issue of liability is determined is misplaced. Defendants' position is based on the assumption that identification of union expenditures may only be relevant in determining the portion of plaintiffs' service fee which was used for impermissible purposes. Thus, plaintiffs contend that MEA financial records are important only for purposes of calculating an amount which should be rebated to plaintiffs. However, as the Supreme Court has pointed out, a specific description of union activities may be necessary to determine what activities are germane to collective bargaining. *Abood, supra.* Thus, the identification of union activities may determine defendants' liability, if any, as well as the amount of plaintiffs' damages. Since the requested financial records would necessarily identify activities, by noting expenditures, I find plaintiffs' request for production of documents to be reasonably calculated to lead to admissible evidence on the issue of liability. *See* Fed. R.Civ.P. Rule 26(b).

■ Finally, I find defendants' contention that the burden of complying with the instant discovery request is unjustified in light of the minimal amount of money involved in the instant case to be without merit. Defendants base this contention on their allegations that the service or agency fee paid by plaintiffs amounts to less than $50.00 per plaintiff. I find it unnecessary to determine the precise amount in controversy in the present case. First Amendment principles establish that the loss of freedom of speech, assembly, or association, for even minimal periods of time, constitute irreparable injury. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Hague v. CIO,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). Additionally, the fact that plaintiffs' monetary damages may be minimal in no way makes the inquiry in the instant dispute less complicated or important. Since the inquiry in determining whether a protective order should issue requires a balancing of the inconvenience and expense of complying with a discovery request against the complexity and importance of the issues of the case, *United States v. IBM, supra,* the amount in controversy in the present case is irrelevant to the issues presented in the instant motion. Therefore, defendants' motion for a protective order is denied.

## CONCLUSION

In conclusion, I find that the complexity and importance of the issues justify the burdens of costs and inconvenience in complying with plaintiffs' discovery requests. Due to the complex nature of the inquiry involved in the instant case, I find that considerations of cost and inconvenience must give way to the search for factual concreteness. Therefore, defendants' motion for a protective order must be denied.