**KAMP IMPLEMENT COMPANY, INC., Plaintiff,**

**v.**

**J.I. CASE CO., Tenneco, Inc., and International Harvester Company, Defendants.**

**No. CV 85–166–BU–CC1.**

United States District Court, D. Montana, Butte Division.

March 4, 1986.

Morrow, Sedivy & Bennett, Bozeman, Mont., for plaintiff.

Goff, Shanahan, Johnson & Waterman, Helena, Mont., Foley & Lardner, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff seeks damages for the alleged wrongful termination of its dealership agreement with defendant International Harvester Company. The complaint sounds in breach of dealership agreement, breach of an implied covenant of good faith and fair dealing, violation of Montana dealership law, violation of the Montana Unfair Trade Practices Act, and tortious interference with contract. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

Defendants move for entry of a protective order pursuant to Rule 26(c)(7), Fed.R. Civ.P., to prevent plaintiff from using or disseminating, other than for purposes of this litigation, any information obtained through discovery which is designated by defendants as "confidential." This and other motions were heard in open court on the 14th day of February, 1986, at which time counsel for defendants indicated that the primary purpose for the request was to protect certain internal financial information submitted to the United States Department of Justice in connection with the takeover of International Harvester's assets by defendants J.I. Case Co. and Tenneco, Inc. The essence of the proposed protective order submitted by defendants is to prevent disclosure of discovered information to third parties.

The root of this problem appears to be that several similar cases have been instituted within the State of Montana—in both federal and state courts—as a result of the International Harvester takeover. Plaintiff naturally desires the freedom to share the fruits of discovery with counsel for plaintiffs in these and other pending actions. Defendants naturally seek to prevent the use of materials produced through the discovery process to invite litigation that has not yet been pursued or claims not yet asserted.

Rule 26(c), Fed.R.Civ.P., provides in pertinent part that "for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party may move for such an order to protect trade secrets "or other confidential research, development, or commercial information." Fed.R.Civ.P. 26(c)(7). The burden is on the movant to show the necessity for a protective order, and courts generally require a particular and specific demonstration of fact as opposed to conclusory or speculative statements. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204 (8th Cir.1973); *Harris v. Amoco Production Co.*, 768 F.2d 669 (5th Cir.1985); *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D.Mich., 1981); *Kiblen v. Retail Credit Co.*, 76 F.R.D. 402 (E.D. Wash.1977).

Numerous courts have confronted this particular discovery problem, which arises in many complex cases in which sharing of information is common. The problem is "a very practical one of allowing discovery and use of information in the liberal sense mandated by the Federal Rules of Civil Procedure while affording as much protection from public disclosure of defendant's claimed sensitive materials without unduly restricting discovery of relevant facts essential for proper litigation." *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405 (N.D.N.Y.1973). Few courts are willing to enter an order of such broad magnitude as that proposed by defendant, absent stipulation of the opposing party.

Of the courts that have considered protective orders of the nature proposed by defendant, an overwhelming majority have refused to grant any type of protection from dissemination. In *Patterson v. Ford Motor Co.*, 85 F.R.D. 152 (W.D.Tex.1980), Ford sought a protective order to prevent information from documents furnished to the plaintiff from being used in any way except in connection with that lawsuit. Ford did not claim the material constituted

trade secrets, but was concerned about the development of additional litigation. The court held:

> There is nothing inherently culpable about sharing information obtained through discovery. The availability of the discovery information may reduce time and money which must be expended in similar proceedings, and may allow for effective, speedy, and efficient representation. . . . Unless it can be shown that the discovering party is exploiting the instant litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums.

*Id.*, at 154. Decisions of other courts echo this reasoning, and most refuse to consider the possibility that plaintiff will share the fruits of discovery as any part of defendant's showing of good cause. *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D.Ga.1980); *Waelde v. Merck, Sharp & Dohme, supra.*, 94 F.R.D. 27, 29; *Johnson Foils, Inc. v. Huyck Corp., supra.*, 61 F.R.D. 405, 410; *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y.1981); *Fidelity Bankers Life Ins. Co. v. Wedco, Inc.*, 102 F.R.D. 41, 44 (D.Nev.1984); *Ward v. Ford Motors Co.*, 93 F.R.D. 579, 580 (D.Colo.1982).

■ Defendants maintain that they are not trying to keep information from other litigants, but seek only to prevent confidential material from "freely flowing" to third parties without any safeguards. While this position has merit, the onus must be on the defendants to make a specific showing that they will be harmed by a particular disclosure. If defendants' proposed order were entered, the court would be faced with motions by litigants in other cases for modification of the order to allow the information to be released to them. This would result in duplication of time and effort in each instance where discovery is sought. Protective orders will be modified any time such modification "can place private litigants in a position they would otherwise reach only after repetition of another's discovery." *Wilk v. American Medical Association*, 635 F.2d 1295, 1299 (7th Cir.1980).

*See also, Olympic Refining Co. v. Carter*, 332 F.2d 260, 266 (9th Cir.1964); *Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545 (N.D.Tex.1985). Rather than shift the burden to plaintiffs for disclosure of discovery, it should be incumbent upon defendants to establish why discovery should not be had.

This Court finds persuasive the approach taken in *Cipollone v. Liggett Group, Inc.*, 106 F.R.D. 573 (D.N.J.1985), in which the burden was placed "squarely upon defendants, as is required by Rule 26(c) and the first amendment," to prove confidentiality and thus to prevent dissemination.

> To allow information to become presumptively confidential without affording plaintiffs an opportunity to disagree with that designation and then to bear the burden of mounting a challenge, would run afoul of the basic burden-shifting approach mandated by Rule 26(c).

*Id.*, at 585.

■ The United States Supreme Court has held that to comport with the protections of the first amendment, a protective order must enter only upon a showing of good cause, must be limited to the context of pretrial civil discovery, and must not restrict the dissemination of the information if gained from other sources. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The protective order proposed by defendants exceeds these limitations, and is not supported in its entirety by good cause.

Defendants are entitled to some safeguards against untrammeled dissemination of their internal financial information. To protect any confidential commercial information released by defendants in the course of discovery, the following ORDER is hereby entered and shall be in effect throughout the discovery process in this litigation:

1. Defendants may designate information as confidential, prior to disclosing it to plaintiff pursuant to a request for discovery.

2. If the parties do not agree that all of the material so designated is in fact confi-

dential, the Court will entertain an appropriate motion with the burden on defendants to establish confidentiality.

3. Any material designated as confidential shall not be disseminated generally, and shall be used for purposes of this litigation only, *except* that any information obtained by plaintiff through the discovery process may be shared with counsel in similar cases without restriction. Plaintiff shall give defendants ten days written notice of intent to disseminate any confidential material. Within that period, defendants shall have the opportunity to file a written objection with the Court and to establish why such dissemination should not be made. The burden will be upon defendants to make a specific showing of harm or competitive disadvantage which will result from disclosure.

4. This order supersedes the interim discovery order entered by the Court to permit discovery to go forward pending resolution of this question.