## In re READING TUBE CORPORATION and Lash Holdings Limited jointly administered, Debtors.

### Bankruptcy Nos. 87–00429 T, 87–00430 T.

United States Bankruptcy Court, E.D. Pennsylvania.

April 29, 1987.

See also, Bkrtcy., 72 B.R. 329.

Samuel H. Becker, Blank, Rome, Comiskey & McCauley, Philadelphia, Pa., for U.G.I.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for Chazen Metal Corp.

Rhoda Firestone, Bruce Frankel, Angel & Frankel, P.C., New York City, for debtor Reading Tube.

John F. Gough, Abrahams & Lowenstein, Philadelphia, Pa., for Thomas Beard et al.

John A. Hamburger, John W. Butler, Butzel, Keidan, Simon, Myers & Graham, Bloomfield Hills, Mich., Eric Brossman, McNees, Wallace & Nutrick, Harrisburg, Pa., for Heller Finance and National Acceptance Corp.

Barry D. Kleban, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Cerro Copper.

John T. Howell, National Acceptance Co. of America, Chicago, Ill., for National Acceptance Corp.

Roger W. Kapp, Louis C. Lustenberger, Donovan, Leisure, Newton & Irvin, New York City, Robert W. Laposky, Rubin, Quinn & Moss, Philadelphia, Pa., for debtor.

Charles J. Phillips, Mogel, Speidel, Bobb & Kershner, Reading, Pa., for Creditors Committee.

Lynne Gerber Saionz, Philadelphia, Pa., for Union.

Marjorie O. Rendell, Duane, Morris & Hecksches, Philadelphia, Pa., for Meridian Bank.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

On January 29, 1987, Reading Tube Corporation, debtor ("debtor"), filed with this court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On February 4, 1987, Meridian Bank, on its own and for Farmers Home Administration, United States Department of Agriculture, and Economic Development Administration, United States Department of Commerce ("bank") filed a motion for appointment of a trustee pursuant to 11 U.S.C. § 1104. Attendant to that motion is the instant motion to compel the production of documents, also filed by the bank. The debtor opposes the bank's motion to compel, arguing that the bank's request is overbroad and includes documents which are "protected from disclosure."

This court holds that the documents requested by the bank are discoverable. Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery, whether by deposition, written interrogatories or production of documents. This rule provides that discovery may be had relating to a claim or defense of any party "regarding any matter not privileged which is relevant to the subject matter involved in the pending action." For discovery purposes, relevance is broadly and liberally construed. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Information can be relevant and thus discoverable so long as the information is reasonably calculated to lead to the discovery of admissible evidence. 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice*, ¶ 26.56 [1] (2d ed. 1984). The test for relevance in the discovery area is an extremely broad one. "It is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM International, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255 at 257 (N.D.Ill.

1981). We, therefore, reject the debtor's contention that the bank's request is overbroad.

We recognize that there is a public policy which disfavors and discourages the disclosure of income tax returns. Yet, courts have, in appropriate circumstances, found that tax returns are discoverable. *Lavin v. A.G. Becker & Co., Inc.*, 60 F.R.D. 684 (N.D.Ill.1973). Income tax returns may be the best source of complete and competent information as to a party's income. In such circumstances, the courts have not been hesitant to find that the information sought bears some relevance to the litigation. *Eastern Auto Distributors, Inc. v. Peugeot Motors of America*, 96 F.R.D. 147 (E.D.Va.1982).

█ Aside from the issue of relevance, the court must address the issues of confidentiality and privacy. In dealing with a motion which seeks, inter alia, the production of tax returns, the court must carefully balance the privacy interest with a number of other factors including the need for the information, its materiality, and its relevance. *DeMasi v. Weiss*, 669 F.2d 114, 120 (3d Cir.1982). We find that the documents requested are material to the subject matter of this litigation, are reasonably calculated to lead to the discovery of admissible evidence, and are essential to the disposition of justice. In spite of the confidential nature of some of the documents requested, we find them to be discoverable. In support of our position, we look to a recent decision which granted a motion to compel production of a handwritten diary. *Eidukonis v. Southeastern Pennsylvania Transportation Authority*, No. 86–5142, slip op. at 5 (E.D.Pa. April 8, 1987) [Available on WESTLAW, DCT database]. In his opinion, Judge Naythons held that pursuant to F.R.Civ.P. 26(b)(1) and in spite of the court's lack of knowledge of the contents of the personal diary, the diary was relevant and discoverable. We conclude that a diary, by its very nature, is a private record which one might not anticipate "sharing" with others. On the other hand, one might anticipate others viewing tax returns, cancelled checks and/or business records (par-

ticularly in a litigation context) and thus expect less privacy. We, therefore, direct the debtor to produce the documents requested. For the aforementioned reasons, the Motion of Meridian Bank to Compel the Production of Documents is granted.