TWIN CITY FIRE INSURANCE COMPANY, Plaintiff,

v.

EMPLOYERS INSURANCE OF WAU-SAU, and Albert D. Seeno Construction Company, Inc., Defendants,

and

Albert D. Seeno Construction Co., a limited partnership, Additional Defendant on Counterclaim.

ALBERT D. SEENO CONSTRUCTION COMPANY, INC. and Albert D. Seeno Construction Co., a limited partnership, Counterclaimant and Crossclaimants,

v.

EMPLOYERS INSURANCE OF WAU-SAU, Twin City Fire Insurance Company, Century Indemnity Company, National Union Fire Insurance Company, Industrial Underwriters Insurance Co., and Granite State Insurance Company, Counterdefendants, Cross-defendants and Additional Defendants on Counterclaim and Crossclaim.

No. CV–N–88–655–ECR.

United States District Court,
D. Nevada.

March 8, 1989.

Lori A. Schweitzer, Raoul D. Kennedy, of Crosby, Heafey, Roach & May, Oakland, Cal., and Richard O. Kwapil, Jr., Reno, Nev., for plaintiff.

Zelle & Larson, Minneapolis, Minn. and Hale, Lane, Peek, Denizen & Howard, Reno, Nev., for Employers Ins. of Wausau.

Lionel Sawyer & Collins, Reno, Nev., for Albert D. Seeno Const. Co., Inc., and Albert D. Seeno Const. Co., a Ltd. partnership.

Beckley, Singleton, DeLanoy, Jemison & List, Chartered, Las Vegas, Nev., for Underwriters Ins. Co.

Eugene J. Wait, Jr., Reno, Nev. for Nat. Union Fire Ins. Co. & Granite State Ins. Co.

Lewis D'Amato, Bribois & Bisgard, San Francisco, Cal., and Margo Piscevich, Reno, Nev., for Century Indem. Co.

## AMENDED ORDER

EDWARD C. REED, Jr., Chief Judge.

The Court's Order entered March 7, 1989, (document # 111) is amended to read as follows:

This case is before the Court on a Motion for a Protective Order. The parties are

third-party-defendant Century Indemnity Company (hereinafter "Century") and cross-claimants/counter-claimants Albert D. Seeno Construction Company (hereinafter "Seeno"). Century seeks to stop the production of any discovery by Seeno until this Court has ruled on Century's pending Motion to Dismiss for Failure to state a claim under Fed.R.Civ.P. 12(b)(6). This Court notes that Century has properly complied with LR 190–1(f)(2) and has provided a certification that counsel has attempted to resolve this matter through sincere efforts and personal consultation.

Century has filed a Motion to Dismiss Seeno's complaint or, in the alternative, for a More Definite Statement. In its Motion to Dismiss, Century asserts that Seeno's complaint is premature and fails to specify enough facts to constitute a cognizable claim. Thus, Century contends in its Motion for a Protective Order, there is no reason to become involved in extensive discovery when the Court has yet to decide whether a claim can be stated.

Seeno, on the other hand, responds that there is clearly a cognizable claim and that Century's Motion to Dismiss is without merit. Further, Seeno asserts that Century's Motion for a Protective Order is merely an attempt to delay the proceedings.

Under Fed.R.Civ.P. 26(c), this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ. P. also requires that the moving party must show good cause in order for a court to justify staying discovery.

■ To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir.1979). (Emphasis added).

■ In addition, the burden is on the party seeking relief to show some plainly adequate reason for the order. *Kiblen v. Retail Credit Co.*, 76 F.R.D. 402, 404 (E.D. Wa.1977). Courts have insisted on a particular and specific demonstration of fact, as distinguished from conclusory statements, in order to establish good cause. *Id; Kamp Implement Company, Inc. v. J.I. Case Co.*, 630 F.Supp. 218, 219 (D.Mont. 1986). Finally, while Fed.R.Civ.P. 26(c) protects against oppression or undue burden and expense, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order. *Lehnert v. Ferris Faculty Association— MEA–NEA*, 556 F.Supp. 316 (W.D.Mich. 1983).

■ Although there may be some merit to Century's argument, this Court is not convinced on the basis of the present record that Seeno has failed to state a cognizable claim. Furthermore, it appears that Century needs to make more than a mere conclusory statement that discovery would cause undue burden and expense. Some extraordinary justification must be shown to satisfy the good cause requirement of Fed.R.Civ.P. 26(c).

Finally, a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982) (district judge properly granted defendants' protective order barring discovery prior to a decision on a pending motion to dismiss for jurisdictional defects); *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70 (N.D.Ohio 1973) (discovery as to defendant partially stayed in patent infringement case where venue would be improper if defendant had not been guilty of infringement in that particular district).

Additionally, it is noted that the United States Supreme Court has stated that in suits against government officials, which raise issues of immunity, discovery should not be allowed until the resolution of certain threshold questions through motions to dismiss or motions for summary judg-

654

ment. *Harlow v. Fitzgerald,* 457 U.S. 800, 817, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982).

IT IS, THEREFORE, HEREBY ORDERED that defendant Century's Motion for a Protective Order (document # 94) is *DENIED.*