In the Matter of William
SAMS, Debtor.

George W. LEDFORD, Trustee and
William Sams, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, State Farm Mutual Automobile Insurance Company, Timothy Kelhoffer, John Tiedge, John A. Smalley and Young & Alexander Co., L.P.A., Defendants.

Bankruptcy No. 3-88-04283.
Adv. No. 3-89-0334.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 31, 1991.

See also 106 B.R. 485.

George W. Ledford, Englewood, Ohio, Trustee.

John Ducker, Dayton, Ohio, for defendants.

John E. Breidenbach, Dayton, Ohio, for trustee, George W. Ledford.

John A. Smalley, Dayton, Ohio, for State Farm.

David P. Strub, Dayton, Ohio, for debtor.

John Tiedge, Dayton, Ohio, pro se, and for Timothy Kelhoffer.

Eugene Robinson, Dayton, Ohio, for John Tiedge.

## DECISION ON ORDER DENYING MOTION FOR PROTECTIVE ORDER AND ORDERING OTHER MATTERS

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

The specific issues before the court are presented by the defendants' State Farm Fire and . Casualty Company's and State Farm Mutual Automobile Insurance Company's Motion For Protective Order (Doc. 62) and the Response Of Plaintiff, George W. Ledford, Chapter 13 Trustee, To Motion For Protective Order Filed January 3, 1991; Motion For Award Of Expenses In Connection With Determination Of Motion (Doc. 63).

## BACKGROUND

The court notes that this proceeding celebrated its first anniversary on this court's docket on November 15, 1990; and, although this file is filled with pleadings, amended pleadings, and various motions requesting sanctions by one party against

another, all of which have required intervention by this court (Docs. 12, 15, 16, 45, 47, 48, 57, 58), little, if any, progress seems to have been made toward a resolution of the merits of the plaintiffs' complaint and the defendants' answers. As this court noted (Doc. 15) more than a year ago,

> Without suggesting that any party is restricted in the presentation of any permitted pleading, the court notes, ... [that] [t]hese rules [Federal Rules of Civil Procedure and the Bankruptcy Rules] contemplate neither a complicated nor convoluted pleading or discovery process during the progress of the case.

The present issues continue to evidence this form of procedural fencing in which one or the other party strikes a blow ranging from merely irritating to financially menacing, which, at best, exhausts or enrages an opponent without resulting in significantly advancing the resolution of the issues presented. However, this is not to suggest that the discovery process is not integral to present day trial proceedings. Acknowledging the importance of the discovery process is not inconsistent with recognizing and rejecting abuse in the discovery process.

■ Despite the continual appearance of deviations, the discovery process is contemplated to be self-executing by counsel and not a process which requires repeated court intervention or supervision. It contemplates counsels' cooperation from commencement to conclusion in order to realize the underlying purpose of discovery—mutual pretrial disclosure of non-privileged relevant facts and information to prevent surprise and enhance trial presentation or settlement. In order to achieve this purpose, discovery cannot constantly be crippled by increased litigation costs, particularly in the insolvency context of a bankruptcy proceeding.

■ The significance accorded the rules governing discovery is apparent in the extreme sanctions courts have been authorized to enter for a party's failure to properly participate in the discovery process. Although courts must evaluate a number of factors in determining whether to impose sanctions for a failure to comply with discovery orders, see *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F.2d 150, 154–55 (6th Cir.1988), in appropriate circumstances, the sanctions can include not only the dismissal of a proceeding, but also the entry of a default judgment against a party. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990).

## ARGUMENTS OF THE PARTIES

The Motion For Protective Order (Doc. 62) states:

> Movants have been served with a second request for production of documents, a copy of which is attached hereto, which in its entirety, seeks matters of public record which movants believe are of little or no significance to matters at issue in the proposed litigation. Movants state that the request is an annoyance and an expensive burden to them and that for said reasons, movants request a protective order that this discovery not be had or, in the alternative, that specifics desired from the multitude of documents requested be made clear.

The motion is accompanied by a copy of the Plaintiffs' Second Request For Production Of Documents Propounded To Defendants, State Farm Fire & Casualty Co., And State Farm Mutual Automobile Insurance Co. and an Affidavit of John T. Ducker, counsel for the defendants. The affidavit provides in relevant part:

> Affiant states that on numerous occasions through the fall of 1990, he conferred with John E. Breidenbach, attorney for Plaintiff and on several occasions, advised the attorney for the plaintiff, that corporate information would be made available through Robert McAleer, local superintendent for the two defendant corporations and further that any specific information he could not answer would be made available through the offices of the presidents of both of defendant corporations. Affiant further says that this offer has been rejected.

> Lastly affiant says that all information sought in the request for production of

documents is of public record and can be reviewed by the plaintiffs in the Ohio Superintendent of Insurance office.

Further affiant saith not.

The plaintiffs' response (Doc. 63) argues that (1) the State Farm entities have failed to procedurally comply with LBR 5.7(a) and (e) respecting motions related to discovery procedures, (2) the movants may not require the plaintiffs to proceed in discovery by oral deposition to the exclusion of any other discovery method, including requests for production of documents, and (3) the State Farm entities assert no basis in fact for their contention that the requested discovery is an annoyance and expensive burden to them.

## APPLICABLE LEGAL PRINCIPLES

The court begins its analysis with the text of the governing rule. Bankruptcy Rule 7026, which applies in adversary proceedings, reads in relevant part:

**Rule 26. General Provisions Governing Discovery.**

**(a) Discovery Methods.** Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission.

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1) *In General.*** Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

. . . .

**(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential re-

search, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

It is axiomatic that the Federal Rules of Civil Procedure authorize extremely broad discovery. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir.1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); *In re Reading Tube Corp.*, 73 B.R. 99, 100–01 (Bankr.E.D.Pa. 1987). *Accord Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947).

As this court noted in an unpublished decision *In re Lee Way Holding Co.*, Case No. 2–85–00661, Adversary No. 2–86–0175, (S.D.Ohio Nov. 30, 1988):

Although this broad and liberal discovery directive is tempered by other discovery provisions and court decisions, the initial entry to the evidence funnel is intended to be its widest part; and, courts, which customarily view and determine only the final reduced evidence flow, should exercise extreme caution in limiting the initial input of facts and information. Again, although other discovery provisions and court decisions provide limitations on proposed discovery, when discovery is viewed from the prospective of relevancy, the broadest possible scope should be initially accorded proposed discovery requests....

... Although it is a function of the court to monitor, limit, or even prohibit the discovery process, it is not a function of the court to substitute its judgment for the judgment of counsel engaged in discovery proceedings. Although a specific document, particularly when viewed in isolation, could appear, from the court's filtered and protected perspective, to be neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, such a document could, in fact, as part of experienced counsel's overall discovery plan, be an intermediary evidentiary element tending to make a fact of consequence more or less probable. *Id.* at 18–19.

■ Additionally, the burden to establish good cause for the issuance of a protective order is on the movants. As the court held in *Johnston Dev. Group v. Carpenters Local 1578*, 130 F.R.D. 348, 352 (D.N.J.1990):

The plaintiffs, as the parties seeking the protective order to preclude their attorneys' depositions, bear the burden under Rule 26(c), Fed.R.Civ.P., of demonstrating good cause to preclude or limit the testimony. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). In that case, the Third Circuit stated:

... Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption [in favor of discovery], the party seeking the protective order must show good cause by demonstrating particular need for protection. Broad allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.

*Id.*

*See also* 4 *Moore's Federal Practice*, paras. 26.67–69, pp. 425–47 (2d Ed.1989).

■ Against these general principals, the court examines the specific discovery sought and the motion for a protective order. Although the plaintiffs' various claims appear in more detail in other filings in this proceeding, the amended complaint alleges, among other causes of action, that one of the debtor's creditors issued a garnishment pursuant to state law upon funds due the debtor from the entity State Farm *Mutual Automobile Insurance Company;* however, it was the entity State Farm *Fire & Casualty Company* which paid funds pursuant to the garnishment order. The complaint further alleges that funds be-

longing to the debtor continue to remain with State Farm Mutual Automobile Insurance Company and are, pursuant to various provisions of the Bankruptcy Code, recoverable by the debtor's estate, from some or all of the defendants, to pay creditors in this chapter 13 case.

It may well be that the defendants' position is correct, and the trustee's allegations are without merit; or, the opposite may turn out to be correct, and the trustee will prevail. Whatever the resolution of this litigation, dragging out the time, or complicating the procedures in the discovery process, delays, rather than hastens, the resolution of this proceeding. The court has reviewed the thirteen items contained in the Plaintiffs' Second Request For Production Of Documents, and determines that all of the documents sought are relevant or reasonably calculated to lead to the discovery of relevant information.

■ With regard to the specific claims raised by the Motion For Protective Order (Doc. 62), the court notes that the plaintiffs' response correctly points out that the motion for protective order fails to comply with the Local Rules of this district concerning motions related to discovery procedures. The applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Ohio provide, in relevant part:

> 5.7 DISCOVERY and DISPUTES REGARDING DISCOVERY
>
> (a) ... No objections, motions, applications or requests related to discovery shall be filed in this Court pursuant to the provisions of Bankruptcy Rules 7026 through 7037 unless counsel have exhausted among themselves all extrajudicial means for the resolution of the discovery dispute....
>
> ....
>
> (e) Motions Related to Discovery Procedures. To the extent that extrajudicial means have not resolved the discovery dispute, the parties seeking discovery, or a protective order, may proceed with the filing of a motion for a protective order or a motion to compel discovery. Such a motion shall be accompanied by a supporting memorandum and an affidavit of counsel setting forth what extrajudicial means have been attempted to resolve the discovery dispute, *including a statement that the movant has met in person with opposing counsel, or has offered in writing to meet in person with opposing counsel on one or more specific dates and the offer has been refused or has not received a written response*.... The Court may enter an appropriate award of expenses of [sic] impose appropriate sanctions in connection with the determination of such motions on the motion of a party or on its own motion. (Emphasis added)

Noticeably absent from the movant's affidavit is any statement concerning "meeting in person with opposing counsel" or "offering in writing to meet in person with opposing counsel on one or more specific dates". As the United States District Court for the Southern District of Florida stated in construing its Local Rules containing a similar provision regarding counsel's duty to meet and attempt to resolve discovery disputes,

> Because the instant motion contains no such certificate of counsel, it is fatally defective and therefore is denied....
>
> ....
>
> ... The court does not take lightly the failure of any attorney to endeavor to resolve discovery problems in accordance with the letter and spirit of Local General Rule 10(I)(7). Hereafter in this litigation, the court will consider imposing sanctions for noncompliance with this rule or where the court finds that counsel did not make a good faith effort to resolve discovery disputes.

*Republic of Haiti v. Crown Charters, Inc.,* 667 F.Supp. 839, 849–50 (S.D.Fla.1987).

Although the court finds that the defendants' failure to comply with the requirements set forth in LBR 5.7(e) is a fatal defect and provides a basis for the dismissal of the motion, in an attempt to prevent any further litigation of these issues, the court additionally finds that the other reasons advanced in the defendants' motion fail to provide a basis to sustain the motion.

**794**

As noted previously, in connection with motions for protective orders, it is the movant's burden to sufficiently demonstrate specific objections to the proposed discovery. *Johnston Dev. Group,* 130 F.R.D. at 352. The defendants' motion contains only unsubstantiated allegations of "annoyance and expensive burden" and does not provide either the specific examples or the articulated reasoning necessary to satisfy the requirements for the issuance of a protective order. Nor can the movants' mere reference to the existence of a public document be automatically converted into an impenetrable shield protecting the movant from subsequently presenting it pursuant to the plaintiffs' discovery request, particularly in a situation where the document was originally generated and filed by the movant. *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1558–59 (11th Cir.1985); *Lehnert v. Ferris Faculty Ass'n—MEA–NEA,* 556 F.Supp. 316, 318–19 (W.D.Mich.1983). *See also* 4 *Moore's Federal Practice,* para. 26.59, p. 184 (2d Ed.1989) (cases collected at fn. 7). *Accord Biben v. Card,* 119 F.R.D. 421, 429 (W.D. Mo.1987).

Accordingly, the defendants' Motion For Protective Order (Doc. 62) is DENIED.

Further, the plaintiffs and the defendants shall at a mutually convenient time, but not later than February 20, 1991, complete compliance with Plaintiffs' Second Request For Production Of Documents Propounded To Defendants, State Farm Fire & Casualty Co., And State Farm Mutual Automobile Insurance Co.

The court has by separate orders set a hearing on the plaintiffs' request for sanctions and a pretrial conference to establish a time schedule and a cut-off date for discovery, and to enter further orders governing the future course of this proceeding.

Orders in accordance with this decision are simultaneously entered.

SO ORDERED.