596 F.2d 353
 13 ERC 1127, 9 Envtl. L. Rep. 20,486
 B. R. S. LAND INVESTORS, Lee H. Martin, Wallace B.
Mathewson, and Title Insurance and Trust Company, Appellants,
v.
UNITED STATES of America, Thomas S. Kleppe, Secretary of the
Interior, Department of the Interior, Curt Berklund,
Director of the Bureau of Land Management, Bureau of Land
Management, Earl L. Butz, Secretary of Agriculture,
Department of Agriculture, John R. McGuire, Chief, U. S.
Forest Service, and U. S. Forest Service, Southern
California Edison, Respondents.
 Nos. 76-3360, 76-3361.
 United States Court of Appeals,
Ninth Circuit.
 May 2, 1979.
 
 G. M. Bergman of Fadem, Berger & Norton, Santa Monica, Cal., for appellants.
 Jacques B. Gelin and Edmund B. Clark, Attys. Land and Natural Resources Div., Dept. of Justice, Peter R. Taft, Asst. Atty. Gen., Washington, D.C., William D. Keller, U.S. Atty., Los Angeles, Cal., Rollin E. Woodbury and Jerry A. Brody, Rosemead, Cal., for respondents.
 Appeal from the United States District Court for the Central District of California.
 Before HUFSTEDLER and WALLACE, Circuit Judges, and TANNER,* District Judge.
 PER CURIAM:
 
 
 1
 Appellants appeal from the dismissal of their amended complaint for declaratory and injunctive relief for an alleged violation of the National Environmental Policy Act of 1969 ("NEPA") (42 U.S.C. § 4321 Et seq.). We affirm.
 
 
 2
 Appellants are owners of approximately 57 acres of land in the Etiwanda area of San Bernardino County, California. Southern California Edison ("Edison") maintains a high-tower power transmission line which runs parallel to and contiguous with the west side of appellants' property. Edison has proposed the construction of a second high-tower transmission line, which appellants allege will be located parallel to the existing line and to the east of appellants' property. Appellants claim that if the proposed line is constructed it will adversely affect their property by trapping it between two high-tower lines.
 
 
 3
 On October 21, 1975, appellants filed a complaint for declaratory and injunctive relief against the United States, Edison, and officials of the Department of the Interior, the Department of Agriculture, the Bureau of Land Management ("BLM"), and the U.S. Forest Service. Appellants alleged that federal approval was required for Edison to construct the proposed transmission line because it must pass over federal land. Alleging that federal approval was "imminent," appellants' initial complaint sought both a declaration that defendants' failure to issue an environmental impact statement violated the provisions of NEPA and injunctive relief to prevent construction of the power line.
 
 
 4
 On January 29, 1975, the district court dismissed the complaint with leave to amend for lack of jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The district court concluded that "(f)rom the pleadings herein, it appears that no final agency action by defendants subject to review by this Court has occurred; that at this stage the project is neither a federal nor a federalized one; that no major federal action with respect thereto has occurred; and that the pending action accordingly is presented prematurely."
 
 
 5
 On June 10, 1976, appellants filed an amended complaint alleging that the Forest Service and the BLM had given Edison "tacit approval" for construction of the proposed transmission line. In their complaint appellants conceded that "no official action" had been taken on Edison's application for a right-of-way over federal land. However, the complaint alleged that Edison had engaged in conversations with representatives of the Forest Service and the BLM and that Edison had purchased a right-of-way over "vast amounts" of private land on both sides of the federal land.
 
 
 6
 Appellants' complaint was dismissed without leave to amend with respect to Edison on July 21, 1976, and with respect to the federal defendants on September 6, 1976.
 
 
 7
 Appellants argue on appeal that the allegations of their complaint were sufficient to state a claim for relief under the National Environmental Policy Act. The National Environmental Policy Act (42 U.S.C. § 4332(2)) provides in pertinent part:
 
 
 8
 "all agencies of the Federal Government shall . . . (C) include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on (i) the environmental impact of the proposed action, . . . "
 
 
 9
 The key question on this appeal is whether the "tacit approval" alleged by appellants is the kind of "major Federal action" that must be accompanied by an environmental impact statement. While official action on Edison's request for a right-of-way across federal land for a high-tower transmission line would require an environmental impact statement, appellants' complaint does not allege that any such action has occurred. The complaint only alleges that preliminary conversations have taken place between Edison and representatives of the affected federal agencies. The complaint's allegation that "tacit approval" has been given ignores the fact that federal agencies cannot simply acquiesce by silence in the construction of a power line across federal land. (Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917).) Even if the BLM and the Forest Service are contemplating taking action on Edison's application, the point has not been reached at which this court may intervene to review appellees' failure to file an environmental impact statement. (Kleppe v. Sierra Club, 427 U.S. 390, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976).) Edison's alleged acquisition of a right-of-way over private lands is not sufficient to state a claim for relief under NEPA in the absence of federal action. Actions taken by Edison based on its own prediction of likely federal action are undertaken at Edison's own peril. (Utah Power & Light, supra, 243 U.S. at 408-10, 37 S.Ct. 387.) Thus the district court's dismissal of appellants' complaint was entirely proper.
 
 
 10
 The district court did not err by denying appellants discovery after their original complaint was dismissed with leave to amend. A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. (4A Moore's Federal Practice P 30.52, at 30-49 (2d ed. 1975).)
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, District of Washington, sitting by designation