991 F.2d 560
 71 A.F.T.R.2d 93-1536, 25 Fed.R.Serv.3d 777
 CHURCH OF SCIENTOLOGY OF SAN FRANCISCO; Church of
Scientology of California et al., Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
CHURCH OF SCIENTOLOGY OF SAN FRANCISCO, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 Nos. 91-15730, 91-15734.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided April 16, 1993.
 
 Kendrick L. Moxon, Bowles & Moxon, Los Angeles, CA, for plaintiffs-appellants.
 Shirley D. Peterson, Asst. Atty. Gen., Washington, DC, for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 We consider a plaintiff's right to conduct discovery prior to summary judgment in an action brought against the government under the Freedom of Information Act, 5 U.S.C. § 552 (1982) ("FOIA").
 
 
 2
 In two consolidated appeals, member Churches of Scientology challenge the district court's grant of summary judgment in favor of the Internal Revenue Service ("IRS"). We must determine whether the district court erred in denying the Churches the opportunity to conduct discovery regarding the adequacy of the IRS's response to the Churches' FOIA requests. We reverse and remand the judgments of the district court.
 
 
 3
 * A. Appeal No. 91-15730
 
 
 4
 In virtually identical letters, the Church of Scientology of San Francisco, the Church of Scientology of Orange County and the Church of Scientology of California ("Churches") requested, pursuant to FOIA, access to records of the IRS relating to the designation or inclusion of each of the Churches or their parishioners in a so-called "tax shelter litigation project." Each letter asked the IRS to conduct a thorough search of all record and file systems that may contain responsive information, including project files, tax shelter branch files, Regional Shelter Coordination Files, as well as various data bases.
 
 
 5
 The IRS denied the requests on the grounds that all of the documents were exempt from disclosure under FOIA "Exemption 3," 5 U.S.C. § 552(b)(3), in conjunction with Section 6103 of the Internal Revenue Code, 26 U.S.C. § 6103 (1986), and FOIA "Exemption 5," 5 U.S.C. § 552(b)(5).[1]
 
 
 6
 The Churches subsequently filed administrative appeals to which the IRS did not respond. The Churches then filed suit in district court to compel disclosure. In its answer, the IRS again claimed the documents at issue were exempt from disclosure.
 
 
 7
 In response to the Churches' attempt to take depositions of IRS officials, the IRS filed a motion for a protective order to preclude all discovery prior to its motion for summary judgment. The district court granted the IRS's motion for a protective order, agreeing with the IRS that discovery was, at this point, "very premature" and that the dispute was a "case management," not a legal, problem.
 
 
 8
 The court then ordered the IRS to produce a "Vaughn Index,"[2] of the withheld documents and informed the Churches that the court would consider permitting discovery only after the IRS had filed its summary judgment motion if the Churches then came forward and identified factually disputed issues.
 
 
 9
 The IRS subsequently filed a Vaughn Index and asserted that only 12 pages of records were responsive to the FOIA request. Shortly thereafter, the IRS filed its motion for summary judgment. In support of its motion, the IRS submitted a memorandum and declarations of IRS employees regarding the nature and adequacy of the search. The Churches opposed the motion, and moved for a continuance pursuant to Federal Rule of Civil Procedure 56(f) and leave to take discovery.
 
 
 10
 In a hearing on the motion, the district court expressed dissatisfaction with the declarations regarding the scope of the agency's search for records and gave the IRS 30 days to "beef up" its declarations. The IRS subsequently filed a single supplemental declaration.
 
 
 11
 The Churches filed a supplemental opposition to the motion for summary judgment, contending that without discovery they could not "fully and reasonably oppose" the motion for summary judgment and that the declarations concerning the searches were defective and insufficient. The court took the matter under submission, eventually ruling that the "declarations meet the standards required of the IRS by section 552(a)(3)(A), Truitt, and Miller."[3]
 
 B. Appeal No. 91-15734
 
 12
 In a separate case, the Church of Scientology of San Francisco requested access to IRS records maintained in the IRS Fresno Service Center concerning the Church and which related to the establishment and inclusion of the Church and its members in an "illegal tax protestor program."
 
 
 13
 Repeating the pattern described in the first appeal, the IRS claimed exemption from FOIA and ignored the Church's administrative appeal. The Church's attempt to depose the IRS was again challenged by an IRS motion for a protective order requesting the court to stay discovery until the IRS had prepared and filed its motion for summary judgment. As in the first appeal, the Church opposed the motion, arguing that discovery was necessary in order to permit the Church competently to oppose any future summary judgment order by the IRS. The district court granted the motion staying discovery.
 
 
 14
 The IRS subsequently moved for summary judgment, submitting declarations by IRS employees in support of the motion. Arguing that it was impossible for the Church to make a determination as to the completeness of the search, the Church opposed the motion and requested reasonable discovery under Rule 56(f). On the same day it decided case No. 91-15730, and for the same reasons, the district court granted summary judgment in favor of the IRS.
 
 II
 
 15
 A denial of a Rule 56(f) application is reviewed under the abuse of discretion standard. VISA Int'l Serv. v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir.1986). The adequacy of a search under the Freedom of Information Act is judged by a standard of reasonableness. Zemansky v. United States EPA, 767 F.2d 569, 571 (9th Cir.1985). We review a district court's grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 629 (9th Cir.1987).
 
 
 16
 Rule 56(f) of the Federal Rules of Civil Procedure gives the trial court discretion to allow discovery prior to the grant of summary judgment where "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."
 
 
 17
 In general, a denial of a Rule 56(f) application is disfavored where the party opposing summary judgment makes a timely application which specifically identifies relevant information, and where there is some basis for believing that the information sought actually exists. Visa, 784 F.2d at 1475. On the other hand, courts have denied a Rule 56(f) application where the evidence sought "was almost certainly nonexistent or was the object of pure speculation." Id. (citations omitted). We have not previously addressed whether it is an abuse of discretion to deny any discovery prior to hearing a motion for summary judgment in a FOIA case.
 
 
 18
 On its face, Rule 56(f) leaves the decision to grant discovery wholly within the discretion of the district judge.[4] In determining whether the district court abused its discretion in the cases before us, we must first consider the peculiar disadvantages facing a FOIA plaintiff.
 
 
 19
 In a FOIA case, the government agency has control of the information. This creates a situation where "the court is deprived of the benefit of informed advocacy to draw its attention to the weaknesses in the withholding agency's arguments." Weiner v. FBI, 943 F.2d 972, 977 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992). It is "unreasonable to expect a trial judge to do as thorough a job of illumination and characterization as would a party interested in the case." Id. (quotation omitted); see also Washington Post Co. v. U.S. DHHS, 865 F.2d 320, 325 (D.C.Cir.1989) ("The integrity of a court's de novo [FOIA] judgment rests upon an adversarial system of testing for truth when critical adjudicative facts are subjects of a contest.") (quotation omitted).
 
 
 20
 The IRS cites cases from the Fourth and District of Columbia Circuits for the proposition that courts "normally" do not allow discovery in a FOIA case prior to the government's motion for summary judgment. See Simmons v. United States Dept. of Justice, 796 F.2d 709 (4th Cir.1986); Goland v. CIA, 607 F.2d 339 (D.C.Cir.1978), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).
 
 
 21
 Unlike Simmons and Goland, the case before us does not threaten the disclosure of sensitive government information. See Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir.1985) (noting the special considerations that come into play in a FOIA case that involves issues of national security). Moreover, the D.C. Circuit itself has, since Goland, recognized the need of a party to use discovery to establish whether an adequate FOIA search has taken place. See Weisberg v. Webster, 749 F.2d 864, 868 (D.C.Cir.1984) ("[t]he government should be able to use the discovery rules in FOIA suits like any other litigant, to uncover facts which will enable it to meet its burden of proving ... the adequacy of its search.") (emphasis added).
 
 
 22
 We make no broad statement today regarding the general discretion of a district court to grant or deny a Rule 56(f) motion; the special disadvantages facing this FOIA plaintiff make for a special case. Considering the questionable sufficiency of the Vaughn index, the apparent evasiveness of the IRS responses, the slim showing of a need for as extensive a cloak of secrecy as the Government claimed, and the absence of any opportunity for the Churches to conduct discovery on the adequacy of the Vaughn index and completeness and truthfulness of the Government declarations, it was an abuse of discretion entirely to bar discovery by the plaintiffs prior to the granting of summary judgment against them. On remand, the district court is directed to provide the plaintiffs in both appeals reasonable opportunity to conduct discovery relevant to applicability of the FOIA exemptions or accuracy and completeness of the Vaughn index and declarations.
 
 
 23
 The judgments of the district court are REVERSED and REMANDED.
 
 
 
 [1]
 5 U.S.C. § 552(b)(3) exempts matters
 specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.
 5 U.S.C. § 552(b)(5) exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."
 
 
 [2]
 See Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)
 
 
 [3]
 Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C.Cir.1990) and Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir.1985) both hold that the adequacy of a search under the Freedom of Information Act is judged by a standard of reasonableness
 
 
 [4]
 See Fed.R.Civ.P. 56(f) ("[T]he court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.") (emphasis added)