The PACIFIC LUMBER CO.,
et al., Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE
CO., OF PITTSBURGH, PA, et al.,
Defendant and Counter–Claimant.

No. C 02–4799 SBA(JL).

United States District Court,
N.D. California.

Dec. 12, 2003.

Bruce Stewart Flushman, Edgar B. Washburn, Scott Jonathan Kaplan, Noel Wise, Shaye Diveley, Stoel Rives LLP, San Francisco, CA, Frank Shaw Bacik, John A.

Behnke, Carter, Behnke, Oglesby & Bacik, Ukiah, CA, for Plaintiffs.

James P. Wagoner, McComick, Barstow, Sheppard, Wayte, Carruth, Wagoner LLP, Jay A. Christofferson, McCormick, Barstow, Sheppard, Wayte, Carruth LLP, Fresno, CA, Jennifer M. Bozeat, Terry Marie Weyna, Lewis, Brisbois, Bisgaard & Smith, San Francisco, CA, Lane J. Ashley, Lewis, Brisbois, Bisgaard & Smith LLP, Los Angeles, CA, for Defendant.

Sherman C. Lee, Cortner, McNaboe, Colliau & Elenius, San Francisco, CA, Norman J. Hamill, Sepanik, Cortner, McNaboe, Colliau, Elenius, San Francisco, CA, Alan H. Barbanel, Barbanel & Treuer, Alan S. Berman, Armen K. Hovannisian, Berman & Aiwasian, David A. Hadlen, Sheryl W. Leichenger, Selman Breitman LLP, Los Angeles, CA, Bruce H. Winkelman, Craig & Winkelmann LLP, Berkeley, CA, Linda Wendell Hsu, Lisa A. Williams, Nicholas Banko, Esq., Selman Breitman LLP, San Francisco, CA, for third Party Defendant.

### ORDER Denying Stay of Depositions and Discovery (Docket # 92)

LARSON, United States Magistrate Judge.

### Introduction

Plaintiffs Pacific Lumber Company, et al. ("PALCO") on December 4, 2003 filed an expedited motion for protective order to stay depositions of Kristi Wrigley and Ralph Kraus, noticed by Defendant National Union Life Insurance Company ("National Union") for December 15 and 16, and to stay all discovery pending the outcome of the parties' cross-motions for summary judgment and the adoption of a case management order with an agreed or court-approved discovery plan. Third Party Defendant Old Republic Insurance Co. ("Old Republic"), Joined in PALCO's motion. Shayne Diveley, STOEL RIVES, LLP, filed moving and reply briefs for PALCO. Terry M. Weyna, LEWIS BRISBOIS BISGAARD & SMITH LLP, filed an opposition brief for National Union. Bruce H. Winkelman, CRAIG & WINKELMANN LLP, filed the Joinder of Old Republic.

The motion was referred on December 9 by the district court (Hon. Saundra Brown Armstrong) to this Court pursuant to 28 U.S.C. § 636(b). This Court decided the motion without oral argument as provided by Civil Local Rule 7–6, and hereby issues its decision denying the motion.

### Background

Wrigley and Kraus previously sued PALCO for damages caused by logging operations, (the *Wrigley* litigation). National Union, PALCO's excess liability insurer, rejected the defense based on PALCO's failure to vertically exhaust the limits of the primary insurance policy underlying National Union's excess policy or to horizontally exhaust the limits of its primary insurance in place from 1985 to 2002. National Union contends there is still a material issue of fact and law whether the damages alleged in *Wrigley* were neither expected nor intended by.PALCO, so as to constitute an "occurrence" that would trigger the National Union policy.

PALCO settled the *Wrigley* litigation. The *Wrigley* plaintiffs had alleged that PALCO's actions damaged them beginning in 1985 and continuing until at least 2002. The settlement agreement contained a provision that the parties agreed that the compensatory damages were for injuries to real property that occurred between December 1996 and Spring 1997 (Weyna Dec. In Support of Opposition, ¶ 3 and Ex. 2). On this basis PALCO contends that National Union, its excess carrier, is responsible for 100% of PALCO's settlement with the *Wrigley* plaintiffs. PALCO also holds National Union responsible for defense expenses and attorney fees for that litigation.

Motions for partial summary judgment are on calendar before Judge Armstrong for hearing January 13, 2004.

### Legal Analysis

### Parties' Positions

### Old Republic Received Notice and Documents in Time

Third Party Defendant Old Republic objects to the depositions on the grounds

that it did not receive documents in time to prepare adequately. The Court finds that Old Republic had adequate notice of the depositions on November 6 and did not object at that time (Weyna Dec. ¶ 5 and Ex.2). In addition, since approximately July 2003 it had the depositions, expert reports, insurance policies and correspondence from the prior litigation. Further, National Union has provided Old Republic with all non-privileged documents in its claim file in response to Old Republic's request, so the Court finds that Old Republic offers no good reason to stay the depositions, on its account.

## PALCO's Position

PALCO asks this Court to stay the Wrigley and Kraus depositions and all discovery on the basis that:

1) Summary judgment motions will be heard by Judge Armstrong on January 13, 2004 and when the court rules on those motions, the ruling may affect the scope of discovery;

2) The depositions are unreasonably cumulative and burdensome; and

3) National Union is obliged, as PALCO's insurer, not to do anything which prejudices PALCO, and these depositions might reveal facts which could prejudice PALCO in other litigation or undermine the settlement agreement in the *Wrigley* litigation.

## National Union's Position

National Union rejects these contentions as follows:

1) The outcome of the summary judgment motions will neither resolve the lawsuit as a whole nor change the relevance of these depositions;

2) The depositions are not cumulative since the previous depositions were in a different lawsuit and taken by attorneys with interests directly opposed to National Union; and

3) The depositions are critical to National Union's defense in this lawsuit and any confidentiality concerns may be dealt with by a suitable protective order sealing the depositions and limiting their use to this litigation.

## PALCO Fails to Meet its Burden to Show Good Cause

PALCO contends that a magistrate judge has discretion to stay discovery pending the trial court's decision on motions for summary judgment. PALCO relies on a decision from the Eastern District of California in the *Lowery* case for the proposition that there is good cause to stay the depositions of Wrigley and Kraus. *Lowery* in fact compels a ruling against PALCO.

In the *Lowery* case, the FAA moved for a protective order staying discovery under Federal Rule of Civil Procedure 26(c) on its belief that prevailing on its motion for summary judgment would moot the requested discovery. The FAA further argued that the court should grant the protective order because FOIA standards for suits to compel disclosure limit discovery.

The court noted that a federal court has discretion to issue protective orders denying discovery. *B.R.S. Land Investors v. United States,* 596 F.2d 353, 356 (9th Cir.1979). Nonetheless, the Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed.R.Civ.P. 26(c); *Kiblen v. Retail Credit Co.,* 76 F.R.D. 402, 404 (E.D.Wash.1977).

■ Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment. *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550 (11th Cir.1985); *see also Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976). The court may, for example, stay discovery when it is convinced that plaintiff will be unable to state a claim for relief or if the action is moot. *B.R.S. Land Investors,* 596 F.2d at 356; *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982).

■ In deciding whether to grant a protective order staying discovery before other pending motions could be heard, the magistrate judge in *Lowery* applied a two pronged analysis:

First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Panola*, 762 F.2d at 1560.

Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery. *See, e.g., Church of Scientology of San Francisco v. Internal Revenue Service*, 991 F.2d 560, 563 (9th Cir.1993).

If the court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds. Denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion. *Id.; Lowery v. F.A.A.* 1994 WL 912632, *3 (E.D.Cal.,1994)

■ In the case before this Court, PALCO contends not that the summary judgment motions may moot the requested discovery, but only that summary judgment, if granted, "may narrow the scope of discovery." It speculates that if either motion is granted, "the tenor of the litigation would change because at least half the case would be resolved; the parties would necessarily rethink their positions regarding settlement, discovery, and overall litigation strategy... if both motions are denied, the scope of discovery might well broaden in that the parties would have to fully litigate the duty to defend issue." (Reply Brief at 3).

PALCO offers as good cause that "National Union's insistence on pursuing broad-ranging discovery now with the motions pending and without any approved discovery plan in place is deliberately oppressive and harassing... discovery now would only increase the likelihood that future discovery, if any, may be duplicative or unnecessary." (Expedited motion at 7)

None of these suppositions constitute good cause under the first prong of the test.

### The Depositions are Not Cumulative

PALCO contends in addition that depositions of Wrigley and Kraus should be stayed because they would be unreasonably burdensome and cumulative of previous discovery.

It bases this contention on Wrigley and Kraus's testimony in the underlying litigation and that "[t]his testimony has been made available to National Union." (*Id.* at 8) PALCO also complains about the expense of traveling to the depositions, which will be held in Eureka, since the deponents have stood on their rights under Federal Rule of Civil Procedure 45 to be deposed within 100 miles of their homes. PALCO settled these individuals' claims in the *Wrigley* litigation for $4 million. Travel expenses for a trip to Eureka will not be burdensome.

The fact that Wrigley and Kraus were deposed in the underlying lawsuit in and of itself does not establish that their depositions are cumulative as to other discovery *in this lawsuit*. National Union offers convincing evidence that additional testimony which it seeks in these depositions will be necessary and essential to the litigation.

National Union contends that the depositions are crucial to the central issues in this lawsuit— whether as a matter of fact and law an "occurrence" took place which triggered the coverage of National Union's policy. National Union anticipates that discovery, including the depositions of Wrigley and Kraus, will demonstrate that PALCO expected or intended the damages incurred by the *Wrigley* plaintiffs. This would preclude coverage by National Union's policy, since an "occurrence" is an event causing damage *neither expected nor intended from the standpoint of the insured.* (Weyna Dec. ¶ 17 and Ex. 11 at NU 00031; emphasis added).

### New Issues Will be Explored at Depositions

To develop its defense in this area, National Union wishes to question Wrigley and Kraus on a wide variety of factual issues, none of which were addressed in the previous depositions, which were taken by attorneys with interests directly opposed to National Union's including:

- When they suffered the damages they claimed in their litigation against PALCO;

- What damage they suffered in what year from 1985 through 2002;

- The cost of the damage suffered in each year from 1985 through 2002;

- Why Ms. Wrigley and Mr. Kraus signed a settlement agreement stating that they were being compensated for damages incurred in December 1996 through Spring 1997 when they had alleged in their complaint that their damages were incurred from 1985 through 2002;

- The facts and circumstances of the insertion into the settlement agreement of the statement that the *Wrigley* plaintiffs were being compensated only for damages to real property;

- The facts and circumstances of the insertion into the settlement agreement of the statement that the *Wrigley* plaintiffs were being compensated only for damages incurred from December 1996 through Spring 1997;

- If and when Ms. Wrigley and Mr. Kraus abandoned their claims for personal injuries and property damage incurred from 1985 through December 1996 and Spring 1997 through 2002;

- Why the *Wrigley* plaintiffs' damages study calculated damages only from 1996 forward, when the study specifically stated that the plaintiffs might well have incurred damages before that time;

- Why, when the *Wrigley* plaintiffs' damages study stated that the plaintiffs' damages were $1,098,500, the parties settled for nearly four times that much;

- Whether, in light of the damages study, the amount paid in settlement of the *Wrigley* litigation was reasonable;

- What portions of the damages calculated in the *Wrigley* plaintiffs' expert study arose from damages incurred after Spring 1997;

- 

- Whether Ms. Wrigley and Mr. Kraus advised PALCO at any point that its actions were causing them personal injury and property damage, and if so, when;

- Whether Ms. Wrigley and Mr. Kraus have any information as to whether PALCO expected or intended the damage they incurred at any point in time.

National Union convincingly argues that no matter how the pending motions for summary judgment are decided, the outcome will not narrow or eliminate any of these issues. The timing of the damages incurred by the *Wrigley* plaintiffs is critical to apportioning the cost of the settlement among PALCO's insurance carriers from 1985 through 2002. The question whether an "occurrence" took place triggering any insurance coverage will still exist regardless of how the motions are decided.

In light of the above, PALCO's theory that the depositions would be unreasonably cumulative also fails.

### No Prejudice to PALCO if Depositions are Sealed

Finally, PALCO invokes its relationship with National Union to require National Union to refrain from taking these depositions because they might delve into confidential or prejudicial information from the *Wrigley* settlement. PALCO contends that National Union is precluded from discovery which "may cause prejudice to the insured." *See Haskel, Inc. v. Superior Court,* 33 Cal. App.4th 963, 979, 39 Cal.Rptr.2d 520 (1995). PALCO contends that National Union must refrain from pursuing discovery that either interferes with PALCO's defense of other litigation or might undermine the settlement of the *Wrigley* matter.

PALCO brought this lawsuit against National Union and now PALCO demands that National Union lay down its arms and not defend itself. The depositions could be sealed and their contents subject to a protective order limiting their use to this litigation. This is a routine measure, and effectively mitigates PALCO's concerns.

National Union contends that in the light of a trial date in early 2005 and PALCO's identification of more than 400 potential witnesses in its initial disclosures, an intense discovery schedule over the next year will be necessary to properly prepare for trial. Delay of these depositions will not promote a full and fair opportunity for National Union to defend itself.

### Conclusion

Since PALCO fails to show that the depositions would be either mooted or even significantly affected by the outcome of summary judgment or that the depositions would be unreasonably cumulative or burdensome, it fails to make the threshold showing of good cause for issuance of a protective order. Nor do PALCO's contentions regarding other litigation or the *Wrigley* settlement raise any problems which could not be solved by sealing the depositions and limiting their use to this litigation. The expedited motion to stay depositions must be denied. For the same reasons, the demand for a stay of all discovery must also be denied.

### Order

PALCO fails to show good cause as required by Rule 26(c) of the Federal Rules of Civil Procedure for issuance of a protective order staying the depositions and all discovery. PALCO's motion is denied.

IT IS SO ORDERED