**GERALD CHAMALES CORP., Plaintiff,**

v.

**OKI DATA AMERICAS, INC., et al., Defendants.**

**Civil No. 07–1947 (JEI).**

United States District Court, D. New Jersey, Camden Vicinage.

Dec. 11, 2007.

Christopher A. Iacono, Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP, Kevin E. Raphael, Miller Alfano & Raspanti P.C., Philadelphia, PA, for Plaintiff.

Stephen David Schrier, Matthew Adam Green, Obermayer, Rebmann, Maxwell & Hippell, LLP, Cherry Hill, NJ, for Defendants.

### OPINION AND ORDER

JOEL SCHNEIDER, United States Magistrate Judge.

This matter is before the Court on defendants' Motion for Protective Order [Doc. No. 44]. Defendants ask this Court to enter a protective order staying plaintiff's depositions of defendants. The Court has received plaintiff's Opposition [Doc. No. 51] and defendants' Reply Brief [Doc. No. 54],[1] and has exercised its discretion to decide defendants' motion without oral argument pursuant to Fed.R.Civ.P. 78 and L. Civ. R. 7.1(b)(4). For the following reasons defendants' motion is **DENIED**.[2]

### BACKGROUND

This matter was transferred to this court from the Central District of California on

---

1. Defendants' Reply Brief was not filed with the allowance of the Court as required by L. Civ. R. 37.1(b)(3). The Court nevertheless considered defendants' submission.

2. This Court addressed the same issue presented in defendants' motion during a telephone conference with counsel on November 8, 2007. The call was scheduled after this Court received plaintiff's informal letter application dated November 7, 2007. During the call the Court granted plaintiff's request to take defendants' deposition. However, defendants requested, and were granted leave to file, a formal Motion for Protective Order on the issue. The Court will address the issues in defendants' motion *de novo* now that all parties have had an opportunity to submit formal briefs regarding their discovery dispute.

April 23, 2007. [Doc. No. 23]. Plaintiff sued defendants Oki Data America, Inc. ("Oki Data") and Barry McElreath ("McElreath")(collectively referred to as "defendants") claiming that it entered into a Manufacturing and Supply Agreement ("MSA") with MKJ Imaging Solutions, Inc. ("Imaging Solutions"), based upon alleged oral misrepresentations made by defendants. McElreath filed its answer to plaintiff's complaint on May 11, 2007 [Doc. No. 27]. Oki Data filed its amended answer to plaintiff's complaint on October 5, 2007 [Doc. 34].

Defendants' motion arises out of plaintiff's request to take the depositions of McElreath and Oki Data. This Court's September 26, 2007 Scheduling Order [Doc. No. 32] required plaintiff to take the depositions before February 29, 2008. Defendants filed their Motion for Summary Judgment on October 9, 2007 [Doc. No. 35], approximately two (2) weeks after the entry of the September 26, 2007 Order. Defendants' summary judgment motion argues, *inter alia*, that pursuant to an alternative dispute resolution ("ADR") provision in the MSA, the parties are required to mediate or arbitrate their dispute and therefore this litigation should be dismissed. In the present motion defendants argue that their depositions should be stayed until after their dispositive motion is decided. Defendants do not ask for a stay of all discovery which includes ongoing exchanges of answers to interrogatories and documents. Defendants merely ask to stay the noticed depositions of McElreath and Oki Data.

## DISCUSSION

Defendants' request for a protective order is decided against the backdrop that there is no requirement that discovery must be stayed pending a decision on a party's motion for summary judgment. *See, e.g.,* Fed. R.Civ.P. 26(d)("methods of discovery may be used in any sequence"). Therefore, absent a court Order plaintiff has the right to take the requested depositions pursuant to the applicable Rules of Civil Procedure. Furthermore, it is well settled that the mere filing of a dispositive motion does not constitute

"good cause" for the issuance of a discovery stay. *Chesney v. Valley Stream Union Free School District No. 24,* 236 F.R.D. 113, 115 (E.D.N.Y.2006). It is also well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion. *See Republic of Philippines v. Westinghouse Elec. Corp.,* 132 F.R.D. 384, 387 (D.N.J.1990), *aff'd,* 949 F.2d 653 (3d Cir.1991); *Panola Land Buyers Association v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985).

A protective order pursuant to Fed. R. Civ. P 26(c) may only be issued if "good cause" is shown. Defendants make several arguments in support of their position that good cause exists to stay their depositions. First, defendants argue they have made a "strong showing plaintiff's claim is unmeritorious." Defendants' Brief at 8. Second, defendants argue that "substantial time and money will be spent on preparation for and taking of depositions of defendants, in areas that may or may not be relevant to this case...." *Id.* Third, defendants argue "Plaintiff will not be prejudiced if the depositions ... [are] delayed...." *Id.* All of these arguments are rejected.

As to defendants' first argument, the Court declines to weigh in on the merits of defendants' motion asking the Court to Order plaintiff to arbitrate this case. Defendants' Motion for Summary Judgment will be decided by the District Judge, not this Court. The Court has reviewed the parties' summary judgment submissions and is unable to conclude that there is only one result that could be reached. In the absence of a clear and unmistakable result, this Court does not believe the issuance of a protective order should depend upon its prediction of how the District Judge will decide defendants' dispositive motion. The Court also does not give any significant weight to defendants' argument that resources may be spent on areas that "may or may not be relevant to this case." The depositions of McElreath and Oki Data are unquestionably relevant to the issues in the case since they are both defendants.[3]

---

**3.** Moreover, defendants acknowledge the relevance of McElreath's testimony when they describe him as the "general manager of Imaging

Solutions at the time the MSA was executed and during the time in which Imaging Solutions'

The Court also finds that defendants have not satisfied their burden of persuasion that "good cause" exists to issue a protective order. Defendants make broad contentions that plaintiffs will conduct "costly and time consuming depositions" (*see* Reply Brief at 1) without any supporting evidence. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)("[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). Further, if the Court accepts defendants' argument that all depositions should be stayed pending the decision on its dispositive motion, then it would in effect be ruling that every time a request to compel arbitration is filed good cause exists to issue a protective order to stop depositions while the request is pending. This is not the law. *See Panola Land Buyers Association, supra; Chesney, supra. See also Pacific Lumber Co. v. National Union Fire Insurance Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D.Cal.2003).

Most importantly, the Court finds that plaintiff will be prejudiced if the depositions it wants to take are stayed. The Court rejects defendants' argument that, "[p]laintiff does not articulate any realistic prejudice that would result if Defendants' Motion for Protective Order is granted." Reply Brief at 1. To the contrary, the Court finds that plaintiff will be substantially prejudiced if defendants' present motion is granted. Plaintiff has a right to have its case heard expeditiously while this lawsuit is pending. The fact discovery deadline in the case is May 30, 2008. Plaintiff must promptly take discovery to prepare its case for trial. Further, it is likely that plaintiff has already spent considerable resources to prepare for defendants' depositions. Indeed, plaintiff has represented that it "has spent almost $100,000 in litigation activity that it would not have incurred but for Defendant's delay in filing a motion to compel arbitration." *See* Plaintiff's Sur–Reply Brief in Opposition to Defendants' Motion for Summary Judgment at 9. [Doc. No. 49–2]. A further delay will undoubtedly result in a duplication of efforts and a waste of resources, even if defendants' depositions are held after defendants' summary judgment motion is decided. Since

May 2007 plaintiff has been proceeding under the assumption that discovery in the case would pursue its normal course. Effectively staying the case now based on defendants' recent request for arbitration would interfere with and prejudice plaintiff's trial preparation strategy. Plaintiff should not be prejudiced because defendants now choose to object to two Scheduling Orders [Doc. Nos. 29, 32] that were entered without any objection.

None of the cases defendants rely upon present factual scenarios analogous to this case. *See Muhammad v. County Bank of Rehoboth Beach*, 379 N.J.Super. 222, 877 A.2d 340 (App.Div.2005), *rev'd in part on other grounds*, 189 N.J. 1, 912 A.2d 88 (2006)(defendant filed its motion to stay the action and compel arbitration less than thirty days after the case was remanded from federal court to state court. Also, no discovery was conducted before the stay motion was filed); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir.1976)(no discovery conducted before the stay was entered); *Landry v. Air Line Pilots Ass'n Intern. AFL–CIO*, 901 F.2d 404, 434–36 (5th Cir.1990)(plaintiffs did not request discovery until after defendants filed their motion for summary judgment); *Chesney, supra* (staying discovery because of the unusually complicated nature of the case which included sixteen entities or individuals named in the complaint and the complaint set forth more that twenty distinct federal and state causes of action. Also noting that several of the defendants were municipal entities and compliance with discovery "would result in a substantial diversion of public resources which may not be ultimately necessary").

In addition to finding that defendants have not shown good cause to stay their depositions, the Court also finds that defendants waived their objection to the depositions. On April 27, 2007, the Court issued an Order for Scheduling Conference requiring the parties to confer pursuant to Fed.R.Civ.P. 26(f). [Doc. No. 25]. Rule 26(f) required the parties to discuss "when discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases," and "any other orders that should

---

claims against plaintiff arose." Defendants' Reply Brief at 3.

be entered by the court under Rule 26(c) or under Rule 16(b) and (c)." *See* Rule 26(f)(2) and (6). The Rule 16 Scheduling Conference was held on May 23, 2007 and thereafter a Scheduling Order was promptly issued. [Doc. No. 29]. Defendants did not raise at the conference any issue regarding a limitation on discovery. In addition, the Court again met with the parties on September 26, 2007. At the conference the parties discussed the depositions of defendants and the Court subsequently Ordered that plaintiff shall complete the depositions of McElreath and a Rule 30(b)(6) deposition of Oki Data before February 29, 2008. [Doc. No. 32]. At no time prior to the telephone conference on November 8, 2007 did defendants raise with this Court their objection to depositions being taken before their dispositive motion was decided. In fact, defendants did not even raise with plaintiff their objection until a few days before the scheduled November 1, 2007 deposition that was noticed on October 2, 2007. Defendants were clearly on notice of the ADR provision in their contract when the complaint was filed[4], when two in-person court conferences were held, and prior to the November 8, 2007 telephone conference. Defendants, therefore, clearly had a sufficient opportunity to raise their objections to depositions before plaintiff's deposition notice was served.[5]

In addition, although defendants now seek to stay depositions they have already participated in discovery in the case. Defendants have produced to plaintiff and received from plaintiff a significant number of documents. Defendants also served plaintiff with interrogatories and are continuing to pursue more detailed responses.[6] In addition, defendants served their Rule 26 disclosures and served at least one third-party subpoena in the case. Defendants' argument that depositions should be stayed pending a decision on their motion is inconsistent with the fact that they have already actively participated in discov-

ery. Also, it is noteworthy that defendants do not seek to stay all discovery but just their depositions. It would be inequitable and incongruous to permit defendants to engage in discovery for their benefit but yet deny plaintiff's request to take defendants' depositions.

The Court rejects defendants' argument that they should "not be forced to chose between complying with court orders and discovery deadlines at the expense of retaining their right to insist on the arbitration to which Plaintiff agreed." Brief at 9. This Court is not deciding whether defendants waived their right to ADR. That issue will be decided by the District Judge. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 217 (3d Cir.2007). Defendants' lack of consent to the requested depositions is of record.

Defendants are asking this Court to stay their depositions until their dispositive motion is decided. The power to stay a portion of a case or the entire proceeding is incidental to a court's power to dispose of cases to promote their fair and efficient adjudication. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir.1994). The power to stay a case calls for the exercise of judgment and the weighing of competing interests. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Nutraquest, Inc. v. All American Pharmaceutical & Natural Foods Corp.*, Civ. No. 06–186(DRD), 2007 WL 121448, at *1 (D.N.J. Jan. 11, 2007) (citations omitted). The party seeking a stay must demonstrate a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to some one else." *Landis, supra* at 255, 57 S.Ct. 163. *See also; Nutraquest, Inc., supra* at *1. Based upon the foregoing discussion, this Court finds that defendants will not suffer a "clear case of hardship or inequity" if the requested depositions are taken. The Court also finds

---

4. Plaintiff's original complaint was filed in the Central District of California on September 21, 2006. [Doc. No. 44–4 at 2].

5. Defendants also did not seek to stay depositions when they filed their "Joint Rule 26(f) Report" in California on January 3, 2007. *See* Certification of Defense Counsel at Exhibit "C". [Doc. No. 44–4 at 17].

6. On December 4, 2007, this Court held a lengthy oral argument that addressed, *inter alia*, defendants numerous objections to plaintiff's answers to interrogatories and requests for documents. As a result of the argument plaintiff was compelled to produce substantial additional discovery by January 31, 2008. *See* December 5, 2007 Scheduling Order at ¶2 [Doc. No. 56].

that plaintiff will be substantially prejudiced if the depositions are stayed.

CONCLUSION

In view of the foregoing, it is hereby OR-DERED this 11th day of December, 2007, that Defendants' Motion for Protective Order is DENIED; and

IT IS FURTHER ORDERED that if the parties cannot agree on a reasonable date for defendants' depositions after exhausting good faith efforts to resolve the issue without intervention of the Court (see L. Civ. R. 37.1(b)(1)), plaintiff shall advise the Court and provide suggested dates for the depositions. The Court will thereafter Order the depositions to be taken on one of the suggested dates.